AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. 25-SW-399 |
| ONE PERSON UNDER RULE 41 | ) | |
| | ) | |
| | ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, herein incorporated by reference.

located in the ___Jurisdiction of the___ District of _____Columbia_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, herein incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(c)(1)(A)(i) | Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense |

The application is based on these facts:

See Attached Affidavit in support of Search Warrant, which is herein incorporated by reference.

❑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Ann Lohman, Special Agent, ATF
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means)*.

Date: ___12/22/2025___

_____
*Judge's signature*

City and state: ___Washington, D.C.___

G. Michael Harvey, United States Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☑ Original          ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>ONE PERSON UNDER RULE 41 | )<br>)<br>)   Case No.  25-SW-399<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Jurisdiction of the___ District of _____Columbia_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, herein incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, herein incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____January 5, 2026_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____G. Michael Harvey_____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:      _____12/22/2025_____          _____
                                                                                              *Judge's signature*

City and state:          ____Washington, D.C.____          G. Michael Harvey, United States Magistrate Judge
                                                                                      *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  25-SW-399 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____


                        _____
                                   *Executing officer's signature*


                        _____
                                    *Printed name and title*

**ATTACHMENT A**

*Person to be Searched*

The person to be searched is **Alonzo Hinnant**, DOB **12/25/1998**, PDID **743-669**.



Photo Date
3/5/2025

**ATTACHMENT B**

*Property to be seized from person of Alonzo Hinnant*

All items constituting evidence, fruits, and/or instrumentalities of violations of  Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (hereinafter, the "SUBJECT OFFENSE"), by Alonzo Hinnant, as described in the search warrant affidavit, including, but not limited to, the following:

    a.  A sample of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF:** | **Case No. 25-SW-399** |
| **ONE PERSON UNDER RULE 41** | |

<u>**AFFIDAVIT IN SUPPORT OF APPLICATION UNDER RULE 41 FOR WARRANT TO
SEARCH AND SEIZE**</u>

I, Ann Lohman, being first duly sworn, hereby depose and state as follows:

<u>**INTRODUCTION AND AGENT BACKGROUND**</u>

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a search of a sample of the deoxyribonucleic acid ("DNA") from ALONZO HINNANT ("HINNANT") to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives.  I have been in this position since March 2020. I am currently assigned to the ATF Washington Field Division, High Intensity Drug Trafficking Area ("HIDTA") Group, which investigates individuals involved in narcotics and firearms trafficking, illegal possession and transfer of firearms, and violent crimes involving firearms in the District of Columbia and surrounding areas. I have participated in numerous firearm and narcotics trafficking investigations that resulted in the arrests of numerous subjects, the seizure of property and assets, and the seizure of narcotics and firearms. Furthermore, I have analyzed records, participated in the search and seizure of phone, email, and social media accounts for these offenses.

3.      I am a graduate of the Federal Law Enforcement Training Center and the ATF Special Agent Basic Training Academy. I received specialized training concerning violations of the Gun Control Act within Title 18 and the National Firearms Act within Title 26, of the United

States Code pursuant to firearms violations. I am a duly sworn agent who is authorized to carry firearms, execute warrants, and make arrests for offenses against the United States and to perform such other duties as authorized by law. As an ATF Special Agent on a HIDTA task force, I am familiar with Federal criminal laws including narcotics offenses under Title 21 of the United States Code and am cross-deputized under DEA.

4.      Prior to joining the ATF, I graduated from the University of Colorado-Denver with a bachelor's degree in International Studies and from the University of North Georgia with a master's degree in International Affairs.  I attended Kuban State University in Krasnodar, Russia between 2015 and 2017.

5.      As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

6.      Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect, or exclude an individual as a potential suspect.

7.      I base the facts set forth in this affidavit upon my personal knowledge, information obtained during my participation in this investigation, review of documents to include business and bank records and official government records, knowledge obtained from other individuals including law enforcement personnel, and communications with others who have personal knowledge of the events and circumstances described herein.

8.     Because this affidavit is being submitted for the limited purpose of search warrant for a buccal swab of ALONZO HINNANT, I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

9.     On the basis of this familiarity, and on the basis of other information your affiant has reviewed and determine to be reliable, I allege the facts to show there is probable cause to believe that evidence of violations of Using, Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (hereinafter, the "SUBJECT OFFENSE"), will be found located in the cheek/saliva (buccal swab[1]) of ALONZO HINNANT.

## PROBABLE CAUSE

10.     On March 4, 2025, members of the Metropolitan Police Department's ("MPD's") Robbery Suppression Unit ("RSU") executed a DC Superior Court Search Warrant (2025 CSWSLD 000787) at 4313 Wheeler Road, Southeast, Apartment 103, Washington, DC ("the RESIDENCE").

11.     Specifically, RSU officers executed the search warrant at 17:23 hours on March 4, 2025, at the RESIDENCE.  Officers announced themselves and that they were executing a search

---

[1] As the Supreme Court has recognized, a "buccal swab" is a "common procedure" that involves "wiping a small piece of filter paper or a cotton swab similar to a Q-tip against the inside cheek of an individual's mouth to collect some skin cells." *Maryland v. King*, 133 S. Ct. 1958, 1967-68 (2013). This procedure is "quick and painless" and poses "no threat to the health or safety" of a defendant. *Id*. at 1968.

warrant, before making entry into the RESIDENCE.  When officers entered the RESIDENCE, they observed HINNANT standing in the living room area directly next to a couch.  Officers secured the residence and proceeded to conduct a search.

12.     HINNANT was the sole occupant of the RESIDENCE and officers located HINNANT'S prayer rug inside of the RESIDENCE.

13.     During the search officers found a black Glock, model 23, .40 caliber semi-automatic handgun, serial number BZNF074.  The firearm was loaded with one round of ammunition in the chamber and fourteen rounds of ammunition in the magazine.  The magazine had a fifteen-round capacity.  Officers located the firearm in the living room behind the couch that officers observed HINNANT standing directly next to when they entered the RESIDENCE.  Officers observed that the couch appeared to have been slightly pushed out away from the wall, suggesting that the firearm had been dropped behind the couch.



14.     Officers also located the following during their search of the RESIDENCE:

a.    Item 1: a Glock 17 replica on a kitchen countertop;

6

b.  Item 3: a loose round of ammunition on the living room table;

c.  Item 4: a spare Glock 9mm magazine containing nine rounds of ammunition in a jacket in the living room;

d.  Item 5: a clear plastic bag containing a white rock like substance that was located in the living room area by the couch. The bag field tested positive for Cocaine base and had a weight of 22.8 grams;

e.  Item 6: a clear plastic bag containing six rounds of ammunition that was located in the living room area;

f.  Item 7: a clear plastic bag containing a white rock like substance that was located inside a jacket that HINNANT claimed to be his. Inside the jacket, officers also located a clear plastic bag containing 100 Suboxone strips;

g.  Item 8: a cellphone that was located inside a jacket that HINNANT claimed to be his;

h.  Item 9: Feeding device with ammunition and a BB gun feeding device. This was located on the kitchen countertop.

i.  Item 10: a clear plastic bag containing white cocaine powder that was located on the kitchen countertop bottom shelf. This white powder field tested positive for Cocaine Base and weighed 21.2 grams.

j.  Item 11: a clear plastic bag containing a white powder substance. This white powder field tested positive for Cocaine Base and weighed 7.7 grams. Officers also located a clear plastic bag containing a tan rock like substance. The tan rock like substance field tested positive for Opioids and weighed 7.6 grams.

7

k.  Item 12: a clear plastic bag containing a white rock like substance that was located on the kitchen countertop upper cabinet. This rock like substance field tested positive for Cocaine Base and weighed 23 grams.

l.  Item 13: a half full vial of an amber liquid which had an odor and consistency with that of PCP. The vial was located inside the freezer in the kitchen.

m.  Item 14: a clear plastic bag containing a powder substance. This powder substance field tested positive for cocaine base and weighed 7 grams.

n.  Item 15: a cellphone belonging to HINNANT that was recovered from the kitchen countertop.

o.  Item 16: a clear plastic bag containing a white rock like substance that was located on the living room floor. This white rock like substance field tested positive for Cocaine Base and weighed 3.1 grams.

15.  Officers conducted a search of HINNANT and recovered $219.15 in US currency from his person.

16.  Based upon the facts of the case, there is an evidentiary nexus between the recovered evidence and the individual whose DNA is sought. The Glock firearm was located behind the couch near where HINNANT was standing. HINNANT was the sole occupant of the apartment when the search warrant was executed.

17.  The firearm is currently stored in the District of Columbia.

18.  On October 3, 2025, a Federal Grand Jury in the District of Columbia returned an indictment against HINNANT, charging Possession With Intent to Distribute a Mixture and Substance Containing Cocaine Base, Fentanyl, and Methyl Fentanyl, in violation of 21 U.S.C. § 841(a), 841(b)(C), Using Carrying, and Possessing a Firearm During, in Relation to, and in

Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and Carrying a Pistol Without a License, in violation of D.C. Code § 22-4504(a)(1).   Probable cause therefore exists to believe that the HINNANT has committed crimes for which he has been indicted.

19.     HINNANT was arrested on May 4, 2025.

20.     HINNANT is currently detained within the District of Columbia.

21.     There is probable cause to search HINNANT for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.

22.     Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearm was possessed by HINNANT.   The affiant therefore believes there is probable cause to obtain a buccal swab from HINNANT, to compare the DNA collected from the firearm recovered on May 4, 2025, to HINNANT's DNA.

23.     On March 5, 2025, MPD Officer Mark Minzak obtained a Superior Court search warrant (2025 CSWSLD 000896) for HINNANT's DNA. The warrant affidavit stated, "Applying these standards, there is probable cause to search the subject for a saliva sample containing DNA because there is a fair probability that the subject's DNA is evidence of the crime of Unlawful Possession of a Firearm (Prior Conviction), in violation of D.C. Code § 22-4503."  At the time HINNANT had not been convicted of a crime punishable by imprisonment for a term exceeding one year. Rather, HINNANT was found guilty of the misdemeanor offense of attempted Carrying a Pistol Without a License, which is punishable by up to 180 days imprisonment.  Nonetheless, the Superior Court Search Warrant (2025 CSWSLD 000896) also articulated that officers located HINNANT while executing a search warrant on a residence from which they recovered a Black Glock, model 23, 40 caliber as well as multiple substances that field tested positive for cocaine

base. At the time, HINNANT was the sole occupant of the residence. On December 10, 2025, HINNANT filed, through his counsel, a Motion to Suppress Fruits of DNA Search Warrant and Request for Franks Hearing at Docket Number 22 in *United States v. Alonzo Hinnant*, 25-cr-315-LLA. Therefore, affiant submits this affidavit based on probable cause that HINNANT committed a violation of 18 U.S.C. § 924(c)(1)(A)(i)( Using Carrying, and Possessing a Firearm During, in Relation to, and in Furtherance of a Drug Trafficking Offense).

## <u>CONCLUSION</u>

24.     Based upon the above-referenced facts, your affiant submits that there is probable cause to believe that evidence of the SUBJECT OFFENSE will be located in the cheek/saliva (buccal swab) of HINNANT.

Respectfully submitted,

Ann E. Lohman
Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on December 22, 2025.

THE HONOURABLE G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE